Frank's role is appearing for petitioner. If it please the court, I wasn't instructed to address this issue, but I think it would be prudent to preemptively address the government's argument in their 28-J letter that the conclusive section 1252 A.C. survives Arbid and Delgado, meaning that he was convicted of an aggravated felony and 1252 A.C. on the surface says there is no jurisdiction over any alien convicted of an aggravated felony. And I don't believe that's supported by the case law. Another unpronounceable case I cited in my 28-J letter, the U. Unakulalu case. In that case, the – it was very clear that the I.J. had not relied on the aggravated felony at all, simply didn't mention it. And in this case, at least if you look at pages 41 and 42, there's an extensive discussion of the form I-261 alleging the additional ground and how it's been amended, and that is one of the grounds for the aggravated felony. It's one of the grounds for the decision. So why isn't it distinguishable on that basis? Because I don't think, number one, and I may be remiss, there's a subsequent case, Bromfield and Artiega, Bromfield 543 F. 3rd, 1071, and more particularly Artiega 511 F. 3rd, 948, where the I.J. specifically found that it was an aggravated felony. It was part of the record. The aggravated felony finding was sustained. And the reasoning that the jurisdiction survives is because the claim for Article III relief and withholding is utterly distinct from the existence of the aggravated felony. I don't understand what you're trying to say. I'm sorry. I just didn't follow it. Well, those cases state that the finding of an aggravated felony is distinct from the merits of the withholding and the Article III claim. And those cases hold that 1252 A.C. does not divest this court of jurisdiction over the merits of the claim. And they say that the order, the relief sought is separate and distinct from the aggravated felony. And so those cases, I believe, fairly clearly state that jurisdiction still exists despite the facially preclusive language of 1252 A.C. I mean, and, you know, in the UNA, I'm just going to call it the U case, the fact, I mean, that was just sort of one of the facts of the case, that the I.J. didn't really address the aggravated felony issue. But the reasoning of the case was, even if we have an aggravated felony, and there's language in the U case that says that, that the merits of the case are distinct from the existence of the aggravated felony, that Congress said, you know, there's this limited relief for aliens who committed aggravated felonies. So I believe jurisdiction still exists over the merits. Obviously, jurisdiction exists over the particularly serious crime based on Arbate and Delgado. So that's in terms of the initial jurisdiction argument of the government. So, I mean, I believe those cases stand for that proposition. Okay. So if I — I just want to be sure I understand your argument that notwithstanding the aggravated felony, there's still jurisdiction over a constitutional claim or a question of law. Is that what you're saying? Well, no. I believe the U case and Bromfield and Artiega also state that there's jurisdiction over the merits of the withholding in Article III claim despite the existence of the aggravated felony. Because that relief is separate and distinct from the order of removal, and I think that is fairly clear. You know, sort of the language of Artiega, it may be, you know, Webster's definition, but Congress didn't specifically say aggravated felons cannot seek relief under withholding in Article III. So your challenge as to whether this was a — whether there was a particularly serious crime that would make him ineligible for withholding.  The crime we're talking about is what? The 245, which is assault with a weapon, in this case, feet or fist. The record is not altogether pellicid, but our argument is that the I.J., in terms of the particularly serious crime, and I'm holding my nose a little bit when I argue and defend the behavior, but in terms of his decision, he really — he just said, well, a crime against persons is serious. He noted that the initial sentence was probation and county jail. If you looked at — if you aggregated all the counts, he could have got 24 years in prison. The magistrate gave him probation and county jail, which should have been a significant factor, and it didn't really play into the I.J.'s decision at all. The I.J.'s decision is a discretionary determination? Well, it's discretionary, but of course, in Arbid and Delgado, they said that there's still discretion. But it's reviewed for abuse of discretion. Abuse of discretion, right. And that's where I'm trying to get at. If it's reviewable. If it's reviewable. And I think Arbid and Delgado state that it is. So my — Those cases did not involve an aggravated felon, though. Right. So that specific little piece of it. But I think what they were addressing was the preclusive language of the particularly serious crime, whether or not — because it's also clear a crime can be particularly serious without being an aggravated felony. That is also true. True. So I don't think that's a distinction without a difference. So, I mean, certainly what I'm trying to argue is that the I.J. engaged in a rather cursory analysis. So discretionary, but here an abuse of discretion because? Because the I.J.'s reasoning was cursory at best. I mean, he simply made vaporous arguments about the, you know, crime against a person versus a crime against property is more serious. In the matter of QMT, they talk about sentencing factors being a very important component of a particularly serious crime. And here, he gave very short shrift to the fact that the initial sentence was probation and county jail, where clearly the criminal court had the option of state prison. So, you know, and there's — the record is not altogether clear, but it, you know, there may not have actually been any actual harm that, you know, the disgusting behavior that occurred was based on a threat of reporting the young woman to the I.N.S., hardly princely behavior, but not really violent. And so, therefore, we say the I.J. abused his discretion in sort of just making a facial finding without really descending to the facts. And if I could address the other issue, the adjustment in the waiver, I recognize I'm making a rather broad point, but I do believe the regulation that allows the service to just revoke the asylum, you know, goes beyond regulation. That's legislation. I mean, the idea that he couldn't proceed with the adjustment in the waiver because the court — I mean, the court, I'm sorry, the service had already revoked kind of takes away the, you know, the waiver that Congress intended. Now, they did, you know, deny his adjustment, but they said, well, you have a waiver, but we're not going to really address it because we'd probably — you know, we're not going to let you file it because we're probably going to deny it. I mean, that's like in a criminal case, you have a self-defense argument, but we're not going to let you assert it because you're probably going to lose. So I mean, I — our position is he should have been able to apply for that waiver before the IJ. Congress intended him to have that, and there's abundant BIA case law that says once the service denies that waiver, it can be renewed before the IJ. So I think there was a kind of a due process problem, and I think that he was not allowed to proceed to the waiver that Congress intended all similarly situated aliens to have. And I'll reserve my time if that's — Very well, counsel. You may do so. Thank you. We'll hear from the government. My name is Lance Jolly. I represent the Attorney General of the United States. Petitioner was found removable for his conviction for felony assault with a weapon or means of force likely to produce great bodily injury. The IJ — the immigration judge sustained the aggravated felony charge on May 1, 2006. As Your Honor noted, and you can look at the administrative record, 42, and also pages 120 through 24 and 128 through 30. As such, the court lacks jurisdiction over the determination that his crime for which he was removable was a particular serious crime. Now, help me understand, where does Delgado fit with respect to that issue? Delgado was a 242A2Bii. And our argument is that he also lacked — the court also lacked — and so the court lacked — if 242A2Bii applied, the court would have jurisdiction. We're not contesting Delgado or Arvid. Under 242 — But you heard counsel. He's relying on Delgado. Why not? There's many provisions that deprive this court of jurisdiction. Delgado was not a 242A2C case. Meaning it was not an aggravated felony case. Correct. Okay. Well, it wasn't a charged aggravated felony case. Right. Okay. Where the aggravated felony finding was the ground for removal. Correct. Different than that. Correct. And, Your Honor, whereas here, there was a determination made that it was an aggravated felony? Correct. Okay. But that's the removal. Yes. Immigration does sustain the charge of removal as an aggravated felony. And so why do we get to the particularly serious crime issue? It's based on that charge. It's based on the crime for which. My understanding is that he's not challenging the removability. He is challenging the denial of withholding. Correct. But when. And that was not based upon — that was not based on an aggravated felony. That was based on a. Particularly serious crime. Particularly serious crime. It was based on the crime that constituted the aggravated felon. As to the merits, this Court would have jurisdiction over. Yes. Whether it's more likely or not. But labels are everywhere. I mean, it's the provision of the statute. It's a different ruling that he is challenging. I guess it's whether you consider particularly serious crime as part of the merits of a withholding of removal claim or not. When it's the crime that renders him ineligible, it's more as to, you know, the first question of instance. As to the merits, I would contend that the merits is whether it is more likely than not that he will be persecuted if removed. I would not consider a particular crime serious as part of the merits determination for withholding of removal. So let me see if I understand that. You're saying that whether or not it's a particularly serious crime is a kind of a weighing or a judgment call, but not a legal issue in the same way as the legal issues? Is that what you're saying? Or are you saying something different than that? I think I'm saying something different. When the basis of the denial of relief is based on the crime committed, that, I am arguing, is to prize the court of jurisdiction. Okay. So let's see if I can restate it in a way, because I'm just trying to follow it. I'm not trying to trick you at all. No, no. I understand. So if a crime is an aggravated felony, you're saying that it's not open to the aggravated felon to argue, yes, it was an aggravated felony, but no, it wasn't a particularly serious crime, that that just can't happen on appeal? Before the Immigration Judgment Board, he can. But as far as the court's jurisdiction, correct. And the reason is? Because of the aggravated felony charge. It has a removal. Because of the statute saying when you have the aggravated felony, your job is at an end, talking to us. Right. Okay. All right. But even so, particularly serious crime determination is not a question of law. Before you leave that, are you saying that an aggravated felony incorporates particular serious crime? In other words, you don't get to the particularly serious if you're dealing with an aggravated felony? If he's found removable based on an aggravated felony. Right. Our position is that the court lacks jurisdiction over the particular serious crime determination under 242A2C. What authority is there for that? The only case law that I was able to determine is when the court discusses the merits of, like, the cat claim or withholding the likelihood of persecution. And those kind of determinations are wholly separate from determinations regarding the crime. Well, is it the law that if there is a particularly serious crime, you can be ineligible for withholding? Correct. So why don't you bear with me at least for just a minute and tell me why, assuming there is jurisdiction to challenge the denial of withholding as opposed to the removability, why this is a particularly serious crime? So why this is a particularly serious crime? Okay. Well, I was going to get that. Well, since this – since a particularly serious crime is a review of abuse of discretion, is that where you're going? Why? Just tell me your position with respect to the ruling that this is a seriously – other than the jurisdiction on the merits. Oh, okay. I was going to say because his position is that there's no jurisdiction. I understand that. But if we go beyond that – My next argument is going to pertain to even if the court has jurisdiction, the immigration judge did not abuse – Right. Okay. Go there because your time is – Yes. Okay. The immigration judge can weigh conviction heavily given that it was a crime against a person and required employment of an instrument or force likely to produce great bodily injury. That was his fist? He pled guilty and apparently he said he slapped, but then in front of the immigration judge he said he didn't slap her, but he threatened to report her to INS. That was the basis of – She didn't – Have sexual intercourse with her. Okay. Let's see. And while the immigration judge also considered the reduced sentence, but noted that the petitioner was convicted of a felony rather than a misdemeanor, and so under this court's abuse of discretion, the immigration judge did not abuse his discretion in determining that it was a particular serious crime. The court lacks jurisdiction over the denial of his waiver to adjust status. I would argue for the same reason as under 242.82c, but also on 242.82b, little i applies in this case. Section 8 – the 1159 – 8 U.S.C. 1159b is a discretionary determination and thereby would still survive after conna, and the waiver is also a discretionary determination. And the board stated there's no basis for concluding that petitioner would merit a discretionary grant of adjustment even if eligible. He admitted to rape by duress, he lied under oath, and he altered the conviction of record that was before the immigration judge. And so the court would lack jurisdiction over this discretionary determination, and unless the Court has any other questions, I don't know. No further questions, Counsel. I would like to dismiss the petition for review. Thank you. Mr. Sprouls, we have some reserved time. The best way to look at the jurisdictional issue is that the withholding in CAD is subsequent to the finding of removal. That's why there's jurisdiction. They've been, you know, the alien has been removed. It occurs subsequent. It's a creature separate and apart from the ground of removability, which is why Arvid Delgado and the U case, which, as Your Honor pointed out, it was not an aggravated felony, but it falls under 1252ac, which is not just aggravated felony. It's also a crime as a moral interpretive. So it's a distinction without a difference. The U case said, yes, he's removable. He falls under the class of aliens in 1252ac, but we can still address the merits. So, I mean, the merits are there. In terms of the 209C waiver of the adjustment, it is curious that Board, again, he never got a chance to file that waiver, right? The service said, you might be eligible for it, but we wouldn't grant it. But he never got a chance to file it. The Board said, you know, you could have filed it. We might have heard it, but if we heard it, we would have denied it. So, you know, he truly never got that waiver. Now, the Board didn't really address, and I think this Court has to address, whether or not the revoking of the asylum took away his ability to adjust and then seek the waiver. We say it did not. Congress intended that waiver, and he never got the opportunity to pursue it. That's a separate issue from the particularly serious crime in the asylum. That's another thing here. So our position is we ought to, you should, remand this case so he can have an adjustment of status based on his grant of asylum in conjunction with the waiver under 209C. I'd submit the matter. Roberts. Thank you, counsel. The case just argued will be submitted for decision, and the Court will take a 10-minute recess.
judges: Schroeder, O'scannlain, Graber